IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

AVALON PRODUCTS, INC.

    Plaintiff,

v.

    Civil Action No.
    02-6154 (DMC)

HYGICARE LTDA.,
HYGICARE INDÚSTRIA E COMÉRCIO LTDA.,
JAN CLAUDIUS KNIZEK, and
JOSE EURIPIDES CAMARANO
   a/k/a EURIPIDES CAMARANO,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Upon consideration of the Order of the Superior Court of Justice of Brazil dated August 25, 2005, in the matter of Letter Rogatory No. 8 – EX (2005/0002768-2), regarding service of the Summons and Complaint in this action on Jan Claudius Knizek, in which the Brazilian Court sought from this Court the documentation referenced in the Complaint in this action, and it appearing that Plaintiff has provided this Court with a copy of such documentation, namely the Personal Guarantee Agreement dated October 25, 1999, attached to this Order, it is hereby ORDERED as follows:

    1.    The Clerk of this Court shall transmit three certified copies of this Order, with the Personal Guarantee Agreement attached, to Counsel for Plaintiff, who shall, as an Officer of this Court, have them properly authenticated, translated, and transmitted to the Superior Court of Justice of Brazil, to be submitted, as has been or may be requested by that Court, in each of the Letter Rogatory proceedings.

    2.    By copy of this Order, this Court respectfully requests that the Superior Court of Justice of Brazil take notice of the attached Personal Guarantee Agreement, referred to in the

Complaint in this action, and that upon receipt of the same, it cause the Summons and Complaint to be served as requested in each of the Letters Rogatory transmitted with respect to this action, namely CR 8 /EX (2005/0002678-2), CR 188 /EX (2005/0008799-0), and CR 535 / EX (2005/0019389-0).

Entered, this 5 day of Oct, 2005.

United States District Judge

## PERSONAL GUARANTEE AGREEMENT

This Agreement is entered into this 25th day of Oct, 1999, by and between Avalon Products, Inc. ("Avalon"), a corporation domiciled in the State of New Jersey, United States of America; and Jan Claudius Knizek ("Knizek"), David Sela ("Sela"), Euripides Camarano ("Camarano"), and Hygicare Ind. E. Ltda. ("HIE"), a Brazilian corporation domiciled in Rio de Janeiro (Knizek, Sela, Camarano, and HIE hereinafter referred to jointly and severally as "Guarantors").

WHEREAS in or about April, 1998, Avalon entered into a personal guarantee agreement with Knizek, Sela, Camarano with respect to debt incurred and to be incurred by Hygicare Ltda., and thereafter has sold and continues to sell products and services to Hygicare Ltda. ("Hygicare"), a Brazilian corporation, on credit, generally evidenced by Debit Notes acknowledged by Hygicare; and

WHEREAS the operations of Hygicare have been or are being assumed by HIE; and

WHEREAS Avalon has agreed to continue to extend credit to HIE and/or Hygicare on condition that HIE and the shareholders of Hygicare and HIE personally guarantee the obligations of Hygicare to Avalon; and

WHEREAS Guarantors desire to induce Avalon to continue to extend such credit to Hygicare and HIE by personally guaranteeing all debts of Hygicare and HIE to Avalon; and

WHEREAS the parties hereto acknowledge that the present balance of the debt owed by Hygicare to Avalon is approximately USD $950,000.00 as of the date hereof;

NOW THEREFORE, in consideration of the mutual covenants set forth herein, and of other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties covenant and agree as follows:

1. Guarantors, jointly and severally, absolutely and unconditionally guarantee to Avalon the prompt, absolute and unconditional payment of all sums due or to be due from Hygicare and/or HIE, and the due and punctual performance of and observance by Hygicare and HIE of all other terms, covenants and conditions of any agreement or undertaking of HIE or Hygicare with Avalon, whether according to the present terms of sale and credit or pursuant to any extension of time or change in the terms, covenants or conditions now or hereafter made or granted.

2. All sums due and payable hereunder by Guarantor(s) to Avalon shall be payable on Avalon's demand. Guarantors waive presentment for payment, demand, notice of demand and default, notice of nonpayment or dishonor, protest and notice of protest, and all other notices in default or in the enforcement of the

guarantee or the underlying transactions, and any lack of diligence or delays in collection or enforcement. Guarantors agree that the validity of this guarantee and the obligations of Guarantors hereunder shall not be impaired, affected, or terminated, by the renewal or extension of any credit or the release or discharge of any person or entity primarily or secondarily liable on the guarantee or underlying obligations, or by any action of any legislative or governmental authority affecting the underlying obligations of Hygicare. Avalon's remedies under this guarantee are cumulative and concurrent and may be exercised singly, successively, or together, and as often as desired, all at Avalon's sole option. Avalon's failure to exercise any right or remedy is not a waiver or release of such right or remedy.

3. This guarantee shall be interpreted in accordance with the laws of the State of New Jersey without reference to the conflicts of laws principles applicable thereto. However, notwithstanding the foregoing, the parties agree that because the performance hereof shall take place outside the United States, no law of the United States or any state thereof regulating taxation, investments or securities shall be raised with respect to any claim or defense in any arbitration or other proceeding hereunder. Further, all obligations guaranteed hereunder shall be deemed valid and enforceable notwithstanding any law of Brazil regulating customs, taxation, currency or foreign exchange, investments or securities, or any documentation required thereunder. Guarantors agree that any and all disputes or claims arising under or related to this Agreement shall be submitted to the exclusive jurisdiction of the state or federal courts of the State of New Jersey, United States of America.

4. Any notice, statement, demand for arbitration, or other document related hereto must be in writing and shall be effective if sent by telefax and regular mail, postage prepaid, addressed to the parties at the following addresses and fax numbers:

As to Avalon:   Avalon Products, Inc.
                c/o Ann Hu, President
                190 Friendship Rd.
                Cranbury, NJ 08512
                Fax: +1-732-329-1183

As to Knizek:   J.C. KNIZEK
                R. ALFATO HODGE 74
                CEP 04549-020
                S. PAULO - BRASIL
                Fax: (511) 821.0222

As to Sela:     _____
                _____
                _____
                Fax: _____

As to Camarano: J. EURIPEDES CAMARANO
R. Tenente Gomes Ribeiro 91
CEP 04038-040
São Paulo, Brasil
Fax: (5511) 572-5369

As to HIE:  Hygicare Ind. E. Com., Ltda.
R. Dolorees Duran 82
Parque Beira Mar
Duque de Caixas
Rio de Janiero CEP 25085-440, Brazil
Fax: (5511) 671-4066

5.   This guarantee shall be binding on the Guarantors, their heirs, administrators, executors, successors and assigns, and shall inure to the benefit of and shall be enforced by Avalon and its successors and assigns.

6.   Guarantors acknowledge that they were represented by counsel, or had the opportunity to consult with counsel and waived that right, in connection with the execution of this Guarantee and knowingly agreed to its terms.

IN WITNESS WHEREOF, the parties have caused their respective signatures and seals to be hereunto affixed the day and year first above written.

_____                    _____[SEAL]
Witness                                       Avalon Products, Inc.
                                              By Ann Hu, President

_____                    _____[SEAL]
Witness                                       Jan Claudius Knizek

_____                    _____[SEAL]
Witness                                       David Sela

_____                    _____[SEAL]
Witness                                       Euripides Camarano

_____                    _____[SEAL]
Witness                                       Hygicare Ind. E. Com., Ltda.
                                              By: _____
                                              Position: DIRECTOR